UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY D. JUSTICE, II,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LHC GROUP, INC., KEITH G. MYERS,<br>MONICA F. AZARE, TERI G. FONTENOT,<br>JONATHAN D. GOLDBERG, CLIFFORD S.<br>HOLTZ, JOHN L. INDEST, RONALD T.<br>NIXON, W. EARL REED, III, and<br>WILLIAM BRENT TURNER,<br><br>　　　　　　Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.　　This action stems from a proposed transaction announced on March 29, 2022 (the "Proposed Transaction"), pursuant to which LHC Group, Inc. ("LHC" or the "Company") will be acquired by UnitedHealth Group Incorporated ("UnitedHealth") and Lightning Merger Sub Inc. ("Merger Sub").

2.　　On March 28, 2022, LHC's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with UnitedHealth and Merger Sub. Pursuant to the terms of the Merger Agreement, LHC's stockholders will receive $170.00 in cash for each share of LHC common stock they own.

3. On April 29, 2022, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of LHC common stock.

9. Defendant LHC is a Delaware corporation and a party to the Merger Agreement. LHC's common stock is traded on the NASDAQ under the ticker symbol "LHCG."

10. Defendant Keith G. Myers is Chief Executive Officer and Chairperson of the Board of the Company.

11. Defendant Monica F. Azare is a director of the Company.

12. Defendant Teri G. Fontenot is a director of the Company.

13. Defendant Jonathan D. Goldberg is a director of the Company.

14. Defendant Clifford S. Holtz is a director of the Company.

15. Defendant John L. Indest is a director of the Company.

16. Defendant Ronald T. Nixon is a director of the Company.

17. Defendant W. Earl Reed, III is a director of the Company.

18. Defendant William Brent Turner is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

20. LHC is a national provider of in-home healthcare services and innovations, providing quality, value-based healthcare to patients primarily within the comfort and privacy of their home or place of residence.

21. The Company's 30,000 employees deliver home health, hospice, home- and community-based services, and facility-based care from 964 locations in 37 states and the District of Columbia – reaching 60 percent of the U.S. population aged 65 and older.

22. On March 28, 2022, LHC's Board caused the Company to enter into the Merger Agreement.

23. Pursuant to the terms of the Merger Agreement, LHC's stockholders will receive $170.00 in cash per share.

24. According to the press release announcing the Proposed Transaction:

> Optum, a diversified health services company, and LHC Group (NASDAQ: LHCG), a national patient-focused provider of high-quality in-home health care services, have agreed to combine to further strengthen their shared ability to advance value-based care, especially in the comfort of a patient's own home. The agreement calls for the acquisition of LHC Group's outstanding common stock for $170 per share.
>
> The combination of LHC Group with Optum Health, which works with over 100 health plans, unites two organizations dedicated to providing compassionate and comprehensive care to patients and their families. LHC Group's history of high-quality home and community-based care matched with Optum's extensive value-based care experience and resources will accelerate the combined companies' ability to deliver integrated care, improving outcomes and patient experiences. . . .
>
> The agreement calls for the acquisition of LHC Group's common stock for $170 per share in cash and is expected to close in the second half of 2022 subject to the LHC Group shareholders approvals, regulatory approvals and other customary closing conditions. Co-founders Keith and Ginger Myers will personally invest $10 million in UnitedHealth Group stock following the close of the combination. The acquisition is expected to be neutral to UnitedHealth Group's outlook for adjusted net earnings per share in 2022, modestly accretive in 2023, and advancing strongly in subsequent years.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

25. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

26. As set forth below, the Proxy Statement omits material information.

27. First, the Proxy Statement omits material information regarding the Company's financial projections.

28. The Proxy Statement fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics

29.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

30.     Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisors, SVB Securities LLC ("SVB Securities") and Jefferies LLC ("Jefferies").

31.     With respect to SVB Securities' Selected Precedent Transaction Analysis, the Proxy Statement fails to disclose: (i) the closing dates of the transactions; and (ii) the total values of the transactions.

32.     With respect to SVB Securities' Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the unlevered free cash flows used in the analysis and all underlying line items; (ii) the terminal values of the Company; (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis; and (iv) the number of fully diluted shares outstanding used in the analysis.

33.     With respect to SVB Securities' one-year forward stock price targets analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

34.     With respect to SVB Securities' premiums paid analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

35.     With respect to Jefferies' Selected Public Companies Analysis, the Proxy Statement ails to disclose the individual multiples and metrics for the companies.

36. With respect to Jefferies' Selected Precedent Transaction Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions.

37. With respect to Jefferies' Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the unlevered free cash flows used in the analysis and all underlying line items; (ii) the terminal values for the Company; and (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis.

38. With respect to Jefferies' premiums paid analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

39. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

40. Third, the Proxy Statement fails to disclose the amount of compensation SVB Securities received for the past work it provided for the Company.

41. Fourth, the Proxy Statement fails to disclose whether the Company executed any non-disclosure agreements that contained "don't ask, don't waive" provisions.

42. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

43. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and LHC**

44. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. LHC is liable as the issuer of these statements.

46. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

47. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

48. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

49. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

50. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

51. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

52. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

53. The Individual Defendants acted as controlling persons of LHC within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of LHC and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

54. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

55. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

56. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

57. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 5, 2022       **RIGRODSKY LAW, P.A.**

            By: */s/ Gina M. Serra*
              Gina M. Serra
              825 East Gate Boulevard, Suite 300
              Garden City, NY 11530
              Telephone: (516) 683-3516
              Email: gms@rl-legal.com

              *Attorneys for Plaintiff*